**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 7, 2026

VIA ECF
Hon. Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *Mousa Sangare v. Velez* No. 26 Civ. 7549 (AS)**

Dear Judge Subramanian:

This Office represents the defendants (the "government") in this action, in which the plaintiff seeks an order compelling U.S. Citizenship and Immigration ("USCIS") to adjudicate his applications for immigration benefit (Forms I-360 and I-485).[1] An initial pretrial conference has been scheduled for October 15, 2026, at 3:30 p.m. ECF No. 5.

In accordance with the Court's order, (ECF Nos. 5), the parties have conferred and file this joint letter. Regarding a proposed Civil Case Management Plan and Scheduling Order, the parties agree that because this action was brought under the Administrative Procedure Act, it is exempt from the mandatory scheduling order required by Fed. R. Civ. P. 16(b). Local Civil Rule 16.1; *see also* Fed. R. Civ. P. 26(f)(1) (APA action exempt from discovery conference requirement); Fed. R. Civ. P. 26(a)(1)(B)(i) (APA action exempt from initial disclosure). The parties provide the following in accordance with the Court's order:

(1) Nature of the action and principal defenses; major legal and factual issues

*Plaintiff's Statement*—Petitioner's primary argument in support of mandamus relief with respect to the delay in adjudicating his I-360 and I-485 is that, while Defendants cited cases finding no jurisdiction over delays related to such VAWA petitions, there is also authority favoring such jurisdiction. *Fenyvesi v. Edlow*, No. 5:26-CV-18-TKW-MJF, 2026 WL 1702526, at *2 (N.D. Fla. May 18, 2026) (Collecting cases in support of judicial review in I-360 delays: *Patel v. Jaddou*, 2023 WL 9546656, at *3 (C.D. Cal. Dec. 26, 2023); *Mokuolu v. Mayorkas*, 2024 WL 4783542, at *5 (D. Md. Oct. 1, 2024); *Joshua v. Jaddou*, 2025 WL 449001, at *6–7 (D. Md. Feb. 10, 2025); *Keethol v. Jaddou*, 2025 WL 1373730, at *3 (C.D. Cal. Apr. 28, 2025); *Adiele v. Noem*, 2025 WL 2659873, at *4 (D. Md. Sept. 17, 2025); *Bouksimi v. Bondi*, 2026 WL 743210, at *2 (N.D. Cal. Mar. 17, 2026).

The reasoning used in *Patel*, 2023 WL 9546656, at *3 was that approval or denial of an I-360 petition necessitates applying the law to determinations of fact and are therefore nondiscretionary and insufficient to strip the court of jurisdiction under 8 U.S.C. §

[1] While a Form I-485 is properly filed concurrently with the Form I-360, it is adjudicated only if the Form I-360 is approved. *See Owusu-Boateng v. USCIS*, No. 22-cv-812, 2025 WL 832198, at *2 n. 5 (D. Conn. Mar. 17, 2025) (approval of Form I-360 allows the beneficiary already in the U.S. to apply for adjustment of status to that of a lawful permanent resident via a Form I-485).

1252(a)(2)(B)(ii). The *Patel* Court also noted how the use of the word "shall" in in 8 U.S.C. § 1154(b) meant that I-360 determinations are nondiscretionary due to the forceful nature of the term, unlike statutes that employ words such as may grant asylum or may approve the application. *Patel*, 2023 WL 9546656, at *3. (Citing the asylum statute at 8 U.S.C. § 1158(b)(1))

Also, the factors in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984) emphasize that delays in the economic sphere are less tolerable when human health or welfare is at stake. Therefore, Petitioner being able to receive closure and finally put the cruelty he was subjected to behind him merits expedited action as recovering from the ordeal mentally is just as important as recovering physically. He has left his spouse but his mind can only recover when the matter is completely behind him.

*Defendant's Statement*— The defendant's principal defenses are (1) that the Court lacks jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii), and therefore the case should be dismissed under Fed. R. Civ. P. 12(b)(1); and (2) that the mandamus claim, asserted under 28 U.S.C. § 1361, and the Administrative Procedure Act claim, asserted under 5 U.S.C. §§ 701, 702, 704, fail to state a claim for relief under Fed. R. Civ. P. 12(b)(6), when considered under *Telecommunications Res'ch Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*").

8 U.S.C. § 1154(a)(1)(J) governs the adjudication of a Form I-360 Violence Against Women Act petition and provides "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General." *Id.*[2] Accordingly, jurisdiction to review the Attorney General's determination is barred under 8 U.S.C. § 1252(a)(2)(B)(ii), which precludes court review of any "decision or action of the . . . Attorney General the authority for which is specified under this subchapter to be in the discretion of the . . . Attorney General." *Id.* As several courts from around the country have held, judicial review of an I-360 delay claim is jurisdictionally barred by Section 1252(a)(2)(B)(ii) because the language in § 1154 granting sole discretion to weight evidence necessarily implies sole discretion over the pace of that process. *See, e.g.*, *Rodriguez v. Mullin*, No. 26-cv-63, 2026 WL 2970192, at *7 (M.D. Ga. Oct. 2, 2026) (noting split in authorities and collecting cases). Accordingly, this Court should dismiss Plaintiff's claim for lack of subject matter jurisdiction.

The complaint also fails to state a claim. The government processes Form I-360s on a first in first out basis, a method which many courts have recognized counts as a rule of reason governing an agency's immigration adjudication.[3] *Aydemir v. Garland*, No. 22-cv-100 (PAC), 2022 WL 4085846, at *4 (S.D.N.Y. Sept. 6, 2022). Further, as of the filing of the complaint on October 3, 2026, the plaintiff's Form I-360 has been pending for approximately 3 years and 7 months. This period of time, less than four years, while not insubstantial, is well within the range of time courts have found not to constitute an unreasonable delay. *See*, *e.g.*, *Boussana v. Johnson*, No. 14-cv-

---

[2] The Homeland Security Act of 2002 mandates that references to the Attorney General are deemed to include the Department of Homeland Security ("DHS"), where the relevant agency functions have been transferred from the Department of Justice to DHS. *See Shabaj v. Holder*, 718 F.3d 48, 51 n. 3 (2d Cir. 2013) (citing 6 U.S.C. § 557). The USCIS is the unit within DHS responsible for the adjudication of via petitions. 6 U.S.C. § 271(b). Accordingly, although the statute refers to the Attorney General, that reference is replaced with USCIS.

[3] The government intends to provide a declaration from an appropriate agency official to provide facts relevant to the government's motion.

3757 (LGS), 2015 WL 3651329, at *8 (S.D.N.Y. June 11, 2015) (taking note that "courts have generally found delays of four or less years not to be unreasonable . . .") (internal quotation marks and citation omitted). In addition, the plaintiff has not alleged any particular or significant harm related to the alleged delay that would favor his claim under *TRAC*. General claims of harm are inherent in the application process and worthy applicants are not entitled to benefits until their applications have been assessed and approved. *See Fangfang Xu v. Cissna*, 434 F. Supp.3d 43, 54 (S.D.N.Y. 2020). Further, the complaint fails to acknowledge that, by virtue of having received a prima facie determination on the Form I-360, USCIS also approved the plaintiff's associated Form I-765 (application for employment authorization) and Form I-131 (application for travel document).

Accordingly, when considered under *TRAC*, the complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6), and should be dismissed on that basis.

(2) Jurisdiction and Venue

*Plaintiff's Statement*—Plaintiff agrees with the statement below and, as stated in his mandamus petition, Jurisdiction and Venue are proper under 28 U.S.C. §1391(e)(1)(c). *See* ECF Doc 1 at Page 2.

*Defendants' Statement*— The government does not dispute the Court's jurisdiction to hear the plaintiff's claim under the mandamus statute or the APA, or that venue in the Southern District of New York is proper.

(3) Deadlines, Due Dates and/or cut-off dates— The government's response to the complaint is currently due on November 10, 2026.

(4) Outstanding Motions—There are currently no outstanding motions. As indicated, the government anticipates moving to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and (b)(6).

(5) Discovery—No discovery has taken place. The parties agree there is no discovery appropriate or necessary for the parties to engage in meaningful settlement negotiations in light of the government's position that this case should be dismissed.

(6) Settlement Discussions—The parties have not meaningfully engaged in settlement discussions in light of the government's intention to move to dismiss the complaint.

(7) The parties confirm discussions have taken place regarding alternative dispute resolution mechanisms, but in light of the government's intention to move to dismiss the complaint, the parties do not believe that a settlement conference before a Magistrate Judge; participation in the District's Mediation Program; and/or retention of a private mediator is appropriate.

(8) At this time, the parties are not aware of any further information that may advance the case to settlement or trial.

(9) In light of the foregoing, the parties jointly propose that the currently scheduled pre-trial conference be adjourned sine die.

I thank the Court for its consideration of this submission.

The parties' joint request that the conference scheduled for October 15, 2026, be adjourned sine die is GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 9.

SO ORDERED.



Arun Subramanian, U.S.D.J.
Date: October 8, 2026

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: /s/ *Leslie A. Ramirez-Fisher*
LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-0378
E-mail: leslie.ramirez-fisher@usdoj.gov
*Attorney for Defendants*

cc: Counsel of record (via ECF)